**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Wells Fargo Bank NA,<br>Plaintiff,<br>v.<br>LHS Finance LLC, et al.,<br>Defendants. | No. CV-24-03536-PHX-MTL<br>**ORDER** |

Pending before the Court is Proposed Intervenor Scott Roberts' Motion to Intervene (Doc. 50). Scott Roberts ("Scott") moves for leave to intervene in this case for the limited purpose of addressing the allocation of any sanctions that issue regarding the Court's resolution of Plaintiff Wells Fargo's Motion for Sanctions. (*Id.*)

**I.**

Scott, along with his siblings, Nicole Roberts ("Nicole") and Niel Roberts ("Niel"), manage Defendant LHS Finance LLC. (*Id.*) Disputes have arisen between Scott and his siblings concerning their management of LHS. (*Id.*) According to Scott, the procedures in LHS's Operating Agreement have been "repeatedly neglected by Niels and Nicole," and "[t]hey have both taken actions purportedly on behalf of LHS, without Scott's knowledge or participation," including the initiation of this action. (*Id.*) He requests leave to intervene for the limited purpose of arguing that any monetary sanctions should be imposed against Niel and Nicole personally rather than against LHS. (*Id.*)

LHS opposes Scott's motion, arguing that Scott has no protectable interest in the

sanctions dispute, the motion is procedurally defective, Scott's requested relief is improper, and the governance dispute is properly litigated in arbitration. (Doc. 52.) Wells Fargo takes no position on the motion. (Doc. 53.)

**II.**

The Court finds that Scott is not entitled to intervene as a matter of right under Federal Rule of Civil Procedure ("Rule") 24(a). The Court must permit intervention when a proposed intervenor:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). To intervene under Rule 24(a), Scott must have a "significant protectable interest." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). A qualifying interest must be "direct, non-contingent, substantial and legally protectable." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2022); *see also United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (holding that an economic interest must be "concrete and related to the underlying subject matter of the action"). Scott's identified interest—that a sanction against LHS "would diminish the assets of the entity in which Scott owns a one-third interest, so that he would "indirectly bear the consequences" and "suffer indirect economic consequences if LHS is sanctioned," (Doc. 50 at 4, 6)—is derivative of LHS's interest. Scott's asserted interest is insufficient to entitle Scott to intervene. *See Alisal*, 370 F.3d at 920 ("A mere interest in property that may be impacted by litigation is not a passport to participate in the litigation itself.").

Nor is permissive intervention appropriate under Rule 24(b). The Court may permit intervention when a proposed intervenor "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "In exercising its discretion, the [C]ourt must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). As such, the Court "has discretion to

deny permissive intervention" and "must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). The Court agrees with LHS that deciding which members of LHS should bear the resulting loss from any sanctions would require the Court to address excessive ancillary issues involving nonparties, including LHS's members authority, knowledge, and personal responsibility. (*See* Doc. 52 at 8.) Permissive intervention is thus inappropriate because it "would only serve to undermine the efficiency of the litigation process." *Donnelly*, 159 F.3d at 412.

**IT IS THEREFORE ORDERED** that Proposed Intervenor Scott Roberts' Motion to Intervene (Doc. 50) is **DENIED**.

Dated this 9th day of October, 2026.

Michael T. Liburdi
United States District Judge