**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Wells Fargo Bank NA,<br>Plaintiff,<br>v.<br>LHS Finance LLC, et al.,<br>Defendants. | No. CV-24-03536-PHX-MTL<br>**ORDER** |

Pending before the Court is Defendant Leisure Home Sales, LLC's ("LHS") Motion to Stay. (Doc. 58.) Because oral argument would not aid the Court's decisional process, the matter is deemed submitted on the briefs. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).

On October 15, 2026, the Court granted Wells Fargo's Motion for Sanctions, finding that LHS's claims in *Leisure Home Sales, LLC v. Wells Fargo Bank, N.A.*, No. CV-26-03474-PHX-SHD fell within the release of the Court's discharge order. (Doc. 56.) The Court directed LHS to dismiss the separate action with prejudice by October 22, 2026. (*Id.* at 9.) The Court also permitted Wells Fargo to seek its attorneys' fees and costs. (*Id.* at 10.) LHS appealed the Order. (Doc. 57.)

LHS now asks the Court to stay the Order in its entirety pending appeal, without requiring a bond. (Doc. 58.) Wells Fargo does not oppose LHS's request to stay the Order's directive to dismiss the separate action with prejudice. (Doc. 62 at 1.) But the parties dispute whether fee proceedings should be stayed. (*See* Docs. 62, 63.)

A stay pending appeal "is not a matter of right," but an exercise of judicial

discretion. *Nken v. Holder*, 556 U.S. 418, 433 (2009). In deciding whether to grant a stay, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434. The party requesting a stay bears the burden of showing that the circumstances justify it. *Id.* at 433-34. At a minimum, the movant must show that irreparable harm is probable if the stay is not granted. *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011).

First, the Court will grant LHS's unopposed request to stay the Court's directive to dismiss the separate action with prejudice. A stay preserves the status quo, and Wells Fargo identifies no harm it would suffer from the delay.

The Court will also exercise its discretion to dispense with a bond, since Wells Fargo does not request security. *See Int'l Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985).

LHS asks the Court to stay Wells Fargo's request for attorneys' fees and costs pending appeal. (Doc. 63 at 3-4.) LHS argues that, if its appeal succeeds, any briefing and adjudication of fees will have been wasted. (*Id.* at 4.) Wells Fargo responds that resolving fees now allows any appeal from the fee award to proceed together with LHS's pending appeal. (Doc. 62 at 3-4.) The pendency of an appeal does not prevent a district court from deciding a request for attorneys' fees. *Masalosalo ex rel. Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983). Exercising that authority promptly also serves the policy against piecemeal appeals because it allows an appeal from the fee award to be consolidated with the appeal on the merits. *Id.* LHS has not shown that it will be irreparably harmed if the fee proceedings go forward. Nor would proceeding now prejudice LHS's appeal. Deciding fees now allows the Court of Appeals to review both rulings together. The Court will therefore deny the request to stay the fee proceedings.

The parties also dispute whether the Court's October 15, 2026, Order is immediately appealable. (Doc. 62 at 2-3; Doc. 63 at 2-3.) That question is for the Court of Appeals,

*Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004), so the Court does not reach it.

**IT IS THEREFORE ORDERED** that LHS's Motion to Stay (Doc. 58) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The October 15, 2026, Order's directives that LHS dismiss *Leisure Home Sales, LLC v. Wells Fargo bank, N.A.*, No. CV-26-03474-PHX-SHD, with prejudice, and file a notice of compliance (Doc. 56 at 9) are **STAYED** pending resolution of LHS's appeal. No bond is required. If the Court of Appeals affirms the Order, LHS must file the notice of dismissal in that action within seven days after the mandate issues, and must file a notice of compliance in this action within one business day thereafter.

2. The Motion to Stay (Doc. 58) is **DENIED** to the extent it seeks to stay proceedings on Wells Fargo's request for attorneys' fees and costs. Wells Fargo shall file its motion for attorneys' fees and costs no later than **January 5, 2027**.

Dated this 20th day of November, 2026.

Michael T. Liburdi
United States District Judge